# SUPREME JUDICIAL COURT,

FOR THE

## MIDDLE DISTRICT,

### 1852.

## COUNTY OF LINCOLN.

---

### STOCKBRIDGE *versus* CROOKER.

It is not a *rule of law* that a more skillful and learned person is entitled to a greater compensation for the performance of a professional service, than one competent, but less skillful or learned, who should perform the service as well.

In awarding compensation for a professional service, the jury may properly take *into consideration* the degree of skill exhibited, and of responsibility incurred, in the performance of it; but are not *imperatively bound* to award a sum "*commensurate*" with such skill and responsibility.

ON EXCEPTIONS from the *District Court*, RICE, J.

ASSUMPSIT for services by the plaintiff, as a surgeon.

The plaintiff, with the aid of another person, and in concurrence with the views of consulting surgeons, had successfully performed a critical operation upon the skull of the defendant's child, which had been injured by a falling weight.

The exceptions were filed by the defendant.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOW-ARD and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The jury were instructed "that the plaintiff was entitled to recover for the service a sum commensurate with the labor performed, the skill exhibited, and the responsibility incurred by him in the matter."

These were proper subjects for consideration by the jury, while they were determining, what would be a reasonable compensation for the professional services performed.

The law allows a reasonable compensation, and permits the jury to take into consideration all the facts. The same rule of law decides the compensation to be made for services, whether performed by a day-laborer, or by a mechanic, or by a surgeon. It does not enter into distinctions so nice as to determine, as matter of law, that a mechanic, who performs his services faithfully and with competent skill is not entitled to receive as much compensation therefor as another would be, who had acquired much greater skill and had performed like services no better. Or that a surgeon, who had performed an operation skillfully and faithfully, would not be entitled to receive the same compensation, as one more learned and skillful, who could perform the same operation no better.

While the law does not act upon such distinctions, it permits jurors to take into consideration the exhausting studies, the time consumed, and the expenses incurred, to acquire great professional knowledge and distinction, or great mechanical or other skill.

If the law made the compensation for services performed commensurate with the skill exhibited and the responsibility incurred, it would be necessary to admit testimony in each case to prove how much skill had been exhibited, and how great responsibility had been incurred.

It would often be difficult, if not impossible, to receive such testimony in such a manner, that a jury could safely act upon it.

The rule stated would tend greatly to impair uniformity of compensation for professional and mechanical services of the same description, and to introduce a different rule of compensation for like services, when performed by different individuals. *Exceptions sustained, verdict set aside, and a new trial granted.*

*Gilbert,* for the defendant.

*Tallman,* for the plaintiff.